UNITED STATES, Appellee,

v.

Private (E–2) Alphonso A. VALENZUELA, SSN 558–19–7192, United States Army, Appellant.

CM 442379.

U. S. Army Court of Military Review.

9 Feb. 1983.

Captain Joel R. Maillie, JAGC, argued the cause for the appellant. With him on the brief were Lieutenant Colonel R. Rex Brookshire, II, JAGC, Major Robert C. Rhodes, JAGC, Major Paul J. Luedtke, JAGC, Major Raymond C. Ruppert, JAGC, and Captain Dennis E. Brower, JAGC.

Captain James C. Underhill, Jr., JAGC, argued the cause for the appellee. With him on the brief were Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain David H. Johnson, JAGC.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of attempted rape, aggravated assault, and possession and use of marihuana, in violation of Articles 80, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 928 and 934 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for ten years and forfeiture of all pay and allowances. In accordance with a pretrial agreement, the convening authority reduced the period of confinement to two years.

Three issues are presented in this case: (1) whether the appellant's plea of guilty to attempted rape was rendered improvident by his statements indicating that he voluntarily abandoned his intent to commit rape; (2) whether the military judge erred by failing to dismiss the aggravated assault as multiplicious for findings with the attempted rape; and (3) whether the military judge erred by failing to instruct the court members that they should sentence the appellant for only two offenses instead of four, with the aggravated assault merging into the attempted rape and the possession and use of marihuana merging into a single offense.

The appellant met the victim at an off-post party, rode back to Fort McClellan with her and two others, and offered to walk her to her barracks. She agreed. While they were crossing an open field, the appellant grabbed the victim by her coat and brandished a knife. She grabbed the knife but released it when she felt it cut her hand. She screamed and tried to escape by slipping out of her coat, but to no avail. The appellant forced the victim onto the ground and ordered her to remove her clothing. He threatened to cut her when she hesitated and so she complied with his orders. After the victim was completely undressed, the appellant told her "I'm going to f___ you until you die." He lowered his trousers, ordered the victim to lie down and spread her legs, lay on top of her and tried to kiss her.

Throughout the attack the victim talked to the appellant, trying to calm him. Before the appellant attempted to penetrate the victim, he changed his mind, pulled his pants back on and ordered the victim to dress. The appellant told the military judge that he abandoned his intent to rape the victim because she talked him out of it.

After he ordered the victim to dress, the appellant threatened to kill her if she made any movement to escape. Eventually, he allowed her to dress. Then he put his knife away, apologized to the victim and offered to walk her to her barracks. She accepted his offer because she was afraid of his reaction if she refused.

▮ We hold that the plea of guilty to attempted rape was provident. There is some authority for the proposition that vol-

untary abandonment is a defense to an attempt to commit a crime. *See* 4 C. Torcia, *Wharton's Criminal Law* § 748 (14th ed. 1981). However, military law does not recognize such a defense. The legislative history of Article 80 makes it clear that the drafters intended Article 80 to provide that an accused be guilty of an attempt "if he has committed acts requisite to constitute an attempt even though of his own accord he desisted before the consummation of the intended offense." *United States v. Thomas,* 13 U.S.C.M.A. 278, 288, 32 C.M.R. 278, 288 (1962). *Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951* 248–49 (1951); F.B. Sayre, *Criminal Attempts,* 41 Harv.L.Rev. 821, 847 (1928). In this case the appellant admitted all acts necessary to constitute an attempt to commit rape. His statements indicating that he voluntarily abandoned the attempt are not in conflict with his plea of guilty. Therefore we find the plea of guilty to attempted rape provident.

▇ With respect to the issue of multiplicity for findings, we find that the offenses of aggravated assault and attempted rape were factually distinct. While the knife was the force used in the attempted rape, the appellant continued to use the knife to intimidate the victim even after he voluntarily abandoned the attempted rape. Therefore, we find that the aggravated assault continued after the offense of attempted rape was completed, making the offenses factually separate. Accordingly, we hold that the military judge correctly treated the aggravated assault and the attempted rape as separate offenses for findings.

▇ Regarding multiplicity for sentencing, we find that the aggravated assault and the attempted rape are separate offenses for sentencing, since they occurred sequentially. We agree that the military judge erred by failing to inform the court member that the two marihuana offenses were a single offense for sentencing. *United States v. Smith,* 14 M.J. 430, 432 (C.M.A. 1983). However, we hold that any possibility of prejudice was removed by the conven-

ing authority's action reducing the period of confinement from ten years to two years.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.